Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Richard Lyon (Cal Bar No. 229288)
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY VALDOVINOS, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-08572 |
| *Plaintiff,* | **CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| TARGET CORPORATION, | |
| *Defendant.* | |

# Table of Contents

I.      Introduction. ...........................................................................................................1

II.     Parties...................................................................................................................2

III.    Jurisdiction and Venue.........................................................................................2

IV.     Facts. ....................................................................................................................3

        A.      Consumers want pure avocado oil, and are willing to pay more for it. ...........3

        B.      Scientific research reveals problems with avocado oil labeling.......................3

        C.      Defendant's avocado oil labeling is false and misleading. ...............................4

        D.      Defendant overcharges its consumers. ............................................................7

        E.      Plaintiff was misled and harmed by Defendant's false and misleading
                labeling. ..........................................................................................................7

        F.      No adequate remedy at law. ............................................................................8

V.      Class Action allegations. ......................................................................................8

VI.     Claims. ................................................................................................................10

        First Cause of Action: Violation of California's False Advertising Law Bus.
                & Prof. Code §§ 17500 & 17501 et. seq.........................................................10

        Second Cause of Action: Violation of California's Consumer Legal Remedies
                Act...................................................................................................................11

        Third Cause of Action: Violation of California's Unfair Competition Law .............13

        Fourth Cause of Action: Breach of Express Warranty................................................15

        Fifth Cause of Action: Negligent Misrepresentation ..................................................16

        Sixth Cause of Action: Intentional Misrepresentation................................................17

        Seventh Cause of Action: Quasi-Contract ..................................................................18

VII.    Relief. ..................................................................................................................18

VIII.   Demand for Jury Trial. ........................................................................................19

# I.      Introduction.

1.      Supermarkets today are stocked with a variety of cooking oils.  Customers can choose different cooking oils based on factors such as taste, uses, health benefits, and price.

2.      "Avocado oil is a rising star in the culinary world."[1]  It "has generated growing interest among consumers due to its nutritional and technological characteristics."[2]  Avocado oil "is delicious, nutritious, and easy to use.  It's rich in oleic acid, polyunsaturated fats, carotenoids, and other antioxidant-rich nutrients that are linked to improved heart, skin, and eye health."[3]  It has a variety of health benefits, and may reduce arthritis and improve skin.  It also has a high heat point, which makes it suitable for high heat cooking.[4]  "[A]vocado oil has established itself as an oil that has a very good nutritional value at low and high temperatures."[5]

3.      Because of its many benefits, consumers seek out avocado oil, and are willing to pay more for it.  And, avocado oil can command prices four times more expensive than its competitor, canola oil.[6]

4.      But because avocado oil is more expensive to produce, some makers cut corners.  They substitute other oils, or mix avocado oil with cheaper seed oils.  They sell avocado oil that is impure and adulterated.  Consumers are harmed.  They buy products labeled "avocado oil," believing that they are buying pure avocado oil, and in fact receive impure oil that is mixed and adulterated.

---

[1] https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6600360/

[3] https://www.healthline.com/nutrition/9-avocado-oil-benefits

[4] *Id.*

[5] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6600360/; https://healthnews.com/nutrition/healthy-eating/why-you-should-start-replacing-canola-oil-with-avocado-oil/

[6] *Id.*

5.      Defendant Target Corporation ("Target" or "Defendant") makes, markets and sells Good & Gather brand avocado oil.  The bottle prominently states that it contains "100% pure avocado oil," and has a picture of an avocado.  The ingredient list also lists only "avocado oil." But the truth is, it is not 100% pure avocado oil.  Instead, testing has shown that the oil is adulterated and impure.

6.      On August 14, 2024 Plaintiff Brittany Valdovinos purchased a bottle of Good & Gather Refined Avocado Oil from Target's website, www.target.com, while living in Sylmar, California. When Ms. Valdovinos purchased the product, the product webpage and package prominently stated "100% Pure Avocado Oil."  She read and relied on this statement, and believed she was purchasing pure avocado oil.  But a recent study shows that this is not true; Defendant's avocado oil is adulterated and impure. Plaintiff was harmed, and brings this lawsuit on behalf of herself and a class of consumers that purchased Defendant's avocado oil.

## II.    Parties

7.      Plaintiff Brittany Valdovinos is a citizen of California, domiciled in Los Angeles County.

8.      The proposed class includes citizens of every state.

9.      Defendant Target Corporation is a Minnesota Corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

## III.   Jurisdiction and Venue.

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

11.     The Court has personal jurisdiction over Defendant because Defendant sold Good & Gather Products to consumers in California, including to Plaintiff.

12.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this

District were a separate state, given that Defendant sold Good & Gather products to consumers in this District, including Plaintiff. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

## IV. Facts.

### A. Consumers want pure avocado oil, and are willing to pay more for it.

13.    Avocado oil is quickly gaining popularity in the culinary world. It has attracted increasing attention from consumers due to its nutritional benefits and versatility. Avocado oil has mild flavor, making it easy to cook with. In addition, it is packed with healthful nutrients like oleic acid, polyunsaturated fats, carotenoids, and antioxidants, which have been linked to better heart, skin, and eye health.  Avocado oil may also improve arthritis and promote healthy skin.  Additionally, avocado oil's high smoke point makes it ideal for cooking at high temperatures. This makes it a versatile oil with excellent nutritional value, whether used at low or high heat.

14.    Due to its numerous health benefits, avocado oil is highly sought after by consumers, who are often willing to pay a premium for it. In fact, avocado oil can be priced up to four times higher than its competitor, canola oil.[7]

### B. Scientific research reveals problems with avocado oil labeling.

15.    Unfortunately, "due to the lack of enforceable standards, consumers are unprotected from fraud (i.e., economic motivated adulteration)" in the avocado oil marketplace.[8]  Because it costs a lot more to make 100% pure avocado oil than an impure or adulterated  oil (e.g. one containing a mix of avocado and other oils), bad actors can

---

[7] https://healthnews.com/nutrition/healthy-eating/why-you-should-start-replacing-canola-oil-with-avocado-oil/

[8] Green, H. S.; Wang, S. C. Food Control, 2020, 116, 107328: "First report on quality and purity evaluations of avocado oil sold in the US", available at https://www.sciencedirect.com/science/article/pii/S0956713520302449

increase their profits by selling impure or mixed oils as pure avocado oil.[9]  "Oils that are of poor quality or blended with cheaper edible oil can be traded and sold"[10] to unknowing consumers. Consumers purchase the inauthentic products and pay the higher prices, believing that they are purchasing pure avocado oil with its corresponding benefits.

16.    A group of scientists at University of California, Davis recently tested a variety of commercially available avocado oil for purity. They found that many retailers were selling adulterated avocado oil.  Almost 70% of the avocado oils tested were "rancid or mixed with other oils."[11]

**C.    Defendant's avocado oil labeling is false and misleading.**

17.    Defendant sells Good & Gather Avocado Oil (the "Product").  Defendant's labels prominently state that the Product is avocado oil. The front of the bottle prominently states that the oil is "100% Pure Avocado Oil," and includes an image of a large avocado.

---

[9] Green, H. S.; Wang, S. C. Food Control 2023, 152, 109837 "Purity and quality of private labelled avocado oil," available at https://www.sciencedirect.com/science/article/pii/S0956713523002372
[10] Green, H. S.; Wang, S. C. Food Control, 2020, 116, 107328: "First report on quality and purity evaluations of avocado oil sold in the US", available at https://www.sciencedirect.com/science/article/pii/S0956713520302449
[11] https://www.ucdavis.edu/food/news/70%25-private-label-avocado-oil-rancid-or-mixed-other-oils

1
2
3
4
5
6
7
8
9
10
11
12
13



14        18.      Similarly, the ingredients list only a single ingredient: Avocado Oil.

15
16
17
18
19
20
21
22
23
24
25
26
27
28



19.    Based on each of these representations, reasonable consumers believe that the bottle contains 100% pure avocado oil, and only avocado oil. Reasonable consumers expect that the words "100% Pure Avocado Oil" mean that the bottles contain pure avocado oil, not some oil that is adulterated, mixed with other oils, or is impure. Similarly, when reasonable consumers see the sole ingredient: "avocado oil," they expect that the product only includes that sole ingredient: avocado oil. No reasonable consumer expects that a bottle labeled "Avocado Oil" and "100% Pure" contains other, cheaper, non-avocado oils. In short, reasonable consumers reasonably believe that they are receiving a product that contains pure avocado oil

20.    But, scientific testing shows that the avocado oil is impure.  The University of California, Davis researchers who study avocado oil purity recently revealed the names of the avocado oils that had tested impure in their study.  The list included Defendant's Good & Gather avocado oil. [12]

21.    The inaccurate labeling of Defendant's product is highly material to reasonable consumers.  Consumers who purchase avocado oil are choosing it and paying more for it, because they believe it has benefits over other oils.  They are choosing to pay more because they believe that the product they are receiving is pure avocado oil, and not an oil that is adulterated with cheaper oils.

22.    Defendant knows, or reasonably should know, that its labeling is misleading customers. Since at least 2020, the avocado oil industry has been aware that there are problems with adulteration and purity of avocado oils. *See, e.g.,* https://www.sciencedirect.com/science/article/pii/S0956713520302449?.

23.    As a distributor and seller of cooking oils, Defendant is aware of industry studies and trends, and aware of the problems with impurity and adulteration in the avocado oil market. Defendant is aware of, willfully blind to, or negligent with respect to the fact that the avocado oils that it sells are impure. Indeed, if Defendant tested its own

---

[12] https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/

avocado oils before putting them on the market, it would know that its avocado oils are impure and adulterated.  Given the pervasive problems with avocado oil adulteration, any reasonable maker, seller, or distributor of avocado oil would test its own products.

**D.    Defendant overcharges its consumers.**

24.    Defendant's false and misleading labeling allows Defendant to charge higher prices for its products.  As explained above, consumers are willing to pay substantially higher prices for avocado oil.  If Defendant told the truth— that its oils are impure, and adulterated with other oils— the price of its avocado oil would drop dramatically.  If consumers knew the truth— that the product did not contain 100% pure avocado oil— they would not pay the current prices for the products.  Indeed, as described above, other oils sell for substantially less than pure avocado oil.  Accordingly, if Defendant accurately labeled its products, it would have had to lower the price, and Plaintiff and class members would have paid less.

25.    Thus, Plaintiff and each class member paid a substantial price premium because of Defendant's false and misleading labeling.  Plaintiff paid more for a superior product worth more, and received an inferior product that was inaccurately labeled. Plaintiff and the class therefore sustained an economic injury and paid a price premium as result of Defendant's false and misleading labels.

**E.    Plaintiff was misled and harmed by Defendant's false and misleading labeling.**

26.    On August 14, 2024 Plaintiff Brittany Valdovinos purchased a bottle of Good & Gather Refined Avocado Oil online from the Target website, www.target.com., while living in Sylmar, California. The package prominently stated "100% Pure Avocado Oil" and had a picture of an avocado.  The ingredient list also listed only avocado oil. Ms. Valdovinos read and relied on these statements when purchasing the Product. She would not have purchased the Product at the price she paid if she had known that the Product was contaminated with other oils, and that it was not pure avocado oil.

27.    Plaintiff wants Target to fix its practices and sell avocado oil with accurate labeling. If Target fixes its Products, so that the avocado oil is actually pure and not contaminated with other oils, she would buy them again. But given Target's past deception, Plaintiff cannot rely on Target's word alone that it has fixed the problem. Plaintiff faces an imminent threat of harm because she will not be able to rely on Target's labels in the future, and will not be able to buy Good & Gather Avocado Oil, even if Target claims to have fixed the issue. To buy Target's Products again, Plaintiff needs the Court to enter an order forbidding Target from claiming that its avocado oil contains only "avocado oil" or is "100% pure," unless the avocado oil actually is pure and not contaminated with other oils.

**F.    No adequate remedy at law.**

28.    Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

29.    A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. As one example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages. No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

30.    In addition, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

**V.    Class Action allegations.**

31.    Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased Good & Gather Avocado Oil.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased Good & Gather Avocado Oil.

32.    The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

33.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

34.    Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

35.    There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

1

*Typicality & Adequacy*

2   36. Plaintiff's claims are typical of the proposed class. Like the proposed class,

3 Plaintiff purchased Defendant's Good & Gather Avocado Oil Products. There are no

4 conflicts of interest between Plaintiff and the class.

5   *Superiority*

6   37. A class action is superior to all other available methods for the fair and

7 efficient adjudication of this litigation because individual litigation of each claim is

8 impractical. It would be unduly burdensome to have individual litigation of millions of

9 individual claims in separate lawsuits, every one of which would present the issues

10 presented in this lawsuit.

11 **VI. Claims.**

12 **<u>First Cause of Action</u>:**

13 **Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 &**

14 **17501 et. seq.**

15 **(By Plaintiff and the California Subclass)**

16   38. Plaintiff incorporates each and every factual allegation set forth above.

17   39. Plaintiff brings this cause of action individually and on behalf of herself and

18 members of the California Subclass.

19   40. Defendant has violated Sections 17500 and 17501 of the Business and

20 Professions Code.

21   41. Defendant has violated, and continues to violate, Section 17500 of the

22 Business and Professions Code by disseminating untrue and misleading advertisements to

23 Plaintiff and subclass members.

24   42. As alleged in detail above, Defendant falsely advertised its products by

25 falsely representing that Good & Gather Avocado Oil is pure avocado oil. It did this by

26 prominently labeling the product "100% Pure" avocado oil, featuring a large avocado on

27 the bottle, and also by listing only "Avocado Oil" in the ingredients list.

28

43.    Defendant's misrepresentations were likely to deceive, and did deceive, Plaintiff and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

44.    Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Defendant's Products. Classwide reliance can be inferred because Defendant's misrepresentations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the products.

45.    Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decisions of subclass members.

46.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

## Second Cause of Action:

### Violation of California's Consumer Legal Remedies Act
### (by Plaintiff and the California Subclass)

47.    Plaintiff incorporates each and every factual allegation set forth above.

48.    Plaintiff brings this cause of action individually and on behalf of herself and members of the California Subclass.

49.    Plaintiff and the class are "consumers," as the term is defined by California Civil Code § 1761(d).

50.    Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

51.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA,

1   and the conduct was undertaken by Defendant in transactions intended to result in, and

2   which did result in, the sale of goods to consumers.

3           52.    As alleged more fully above, Defendant has violated the CLRA by falsely

4   representing that Good & Gather Avocado Oil contains only avocado oil and is "100%

5   Pure" avocado oil, when in fact the products are impure and contaminated with a

6   different oil or oils. Defendant knew, or should have known through the exercise of

7   reasonable care, that these statements were false and misleading.

8           53.    Defendant violated, and continues to violate, Section 1770(a)(5) of the

9   California Civil Code by representing that goods have "characteristics, ingredients, uses,

10  benefits, or quantities which they do not have." Defendant represents that its Products

11  have the characteristic of being "100% Pure" avocado oil, when in reality they are impure

12  and mixed or substituted with a different oil or oils.  Defendant represents that its

13  Product contains only avocado oil, when in fact it is adulterated with other oils.

14          54.    Defendant violated, and continues to violate, Section 1770(a)(7) of the

15  California Civil Code by "[r]epresenting that goods or services are of a particular standard,

16  quality, or grade . . . if they are another." Defendant represents that its Products meet the

17  standard of containing only "100% Pure" avocado oil, when in reality they are impure and

18  mixed or substituted with a different oil or oils.  Defendant represents that its Product

19  contains only avocado oil, when in fact it is adulterated with other oils.

20          55.    Defendant violated, and continues to violate, Section 1770(a)(9) of the

21  California Civil Code by advertising "goods…with intent not to sell them as advertised."

22  Defendant advertises that its Product are "100% Pure" avocado oil, when in fact it is

23  adulterated with other oils.

24          56.    Defendant's representations were likely to deceive, and did deceive, Plaintiff

25  and reasonable consumers. Defendant knew, or should have known through the exercise

26  of reasonable care, that these statements were inaccurate and misleading.

27

28

57.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Products. Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

58.      In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

59.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

60.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

61.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Ms. Valdovinos, on behalf of herself and all other members of the subclass, seeks injunctive relief.

62.     CLRA § 1782 NOTICE. On September 25, 2024, a CLRA demand letter was sent to Defendant's California registered agent and Minnesota headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

63.     A CLRA venue declaration is attached.

### Third Cause of Action:

### Violation of California's Unfair Competition Law

### (by Plaintiff and the California Subclass)

64.     Plaintiff incorporates each and every factual allegation set forth above.

65.    Plaintiff brings this cause of action individually and on behalf of herself and members of the California Subclass.

66.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong.*

67.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

*The Fraudulent Prong.*

68.    As alleged in detail above, Defendant's representations that its Products contained only avocado oil and were "100% Pure" avocado oil were false and misleading. Its labeling is likely to deceive, and did deceive, Plaintiff and other reasonable consumers

*The Unfair Prong.*

69.    Defendant's conduct, as detailed above, also violated the "unfair" prong of the UCL.

70.    Defendant's conduct caused substantial injury to Plaintiff and subclass members. The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct (which is none). Inaccurately labeled avocado oil has no public utility. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading labels only injure healthy competition and harm consumers.

71.    Plaintiff and the subclass could not have reasonably avoided this injury. As alleged above, Defendant's labeling is false and misleading. Its labeling is likely to deceive, and did deceive reasonable consumers like Plaintiff.

72.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

73.    Defendant's conduct violated the public policy against false and misleading labels, which is tethered to the CLRA and the FAL.

*    *    *

74.    For all prongs, Defendant's misrepresentations and omissions were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing the Products. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

75.    Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision and the purchase decision of subclass members.

76.    Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

### Fourth Cause of Action:

### Breach of Express Warranty

### (by Plaintiff and the Nationwide Class)

77.    Plaintiff incorporates each and every factual allegation set forth above.

78.    Plaintiff brings this cause of action individually and on behalf of herself and the Nationwide class. In the alternative, Plaintiff brings this claim on behalf of herself and members of the California Subclass.

79.    Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Good & Gather Avocado Oil, issued material, written warranties by representing that the Products contain only "Avocado Oil," and contain "100% Pure" avocado oil. These were affirmations of fact about the Products (i.e., that they contained only avocado oil and that the oil was 100% pure) and a promise relating to the goods.

80.    This warranty was part of the basis of the bargain and Plaintiff and class members relied on this warranty.

81.    In fact, Good & Gather Avocado Oil does not conform to the above-referenced representation because, as alleged in detail above, Defendant's labeling is

inaccurate and the Products have been shown to be impure and contaminated with a
different oil or oils. It is not "100% pure" avocado oil. Thus, the warranty was breached.

82.    Plaintiff provided Defendant with notice of this breach of warranty, by
mailing a notice letter to Defendant's headquarters, on September 25, 2024.

83.    Plaintiff and the subclass were injured as a direct and proximate result of
Defendant's conduct because: (a) they would not have purchased Good & Gather
Avocado Oil if they had known that the Product is impure and contaminated with a
different oil or oils, and (b) they overpaid for the Product because it was sold at a price
premium due to the representation.

### Fifth Cause of Action:

### Negligent Misrepresentation

### (by Plaintiff and the California Subclass)

84.    Plaintiff incorporates each and every factual allegation set forth above.

85.    Plaintiff brings this cause of action individually and on behalf of herself and
the California Subclass.

86.    As alleged more fully above, Defendant made false representations to
Plaintiff and class members concerning its statements that the Products contain only
avocado oil, and that they contain "100% Pure" avocado oil.

87.    These representations were false.

88.    When Defendant made these misrepresentations, it knew or should have
known that they were false. Defendant had no reasonable grounds for believing that these
representations were true when made.

89.    Defendant intended that Plaintiff and class members rely on these
representations, and Plaintiff and class members read and reasonably relied on them.

90.    In addition, class-wide reliance can be inferred because Defendant's
misrepresentations were material, i.e., a reasonable consumer would consider them
important in deciding whether to buy the Good & Gather Avocado Oil.

91.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

92.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

### Sixth Cause of Action:

### Intentional Misrepresentation

### (by Plaintiff and the Nationwide Class)

93.     Plaintiff incorporates each and every factual allegation set forth above.

94.     Plaintiff brings this cause of action individually and on behalf of herself and the Nationwide class. In the alternative, Plaintiff brings this claim on behalf of herself and members of the California Subclass.

95.     As alleged more fully above, Defendant made false representations to Plaintiff and class members concerning its statements that the Products contained only avocado oil, and "100% Pure" avocado oil.

96.     These representations were false.

97.     When Defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

98.     Defendant intended that Plaintiff and class members rely on these representations, and Plaintiff and subclass members read and reasonably relied on them.

99.     In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Good & Gather Avocado Oil.

100.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and class members.

101.    Plaintiff and the subclass were injured as a direct and proximate result of
Defendant's conduct because: (a) they would not have purchased Good & Gather
Avocado Oil if they had known that the Product is impure and contaminated with a
different oil or oils, and (b) they overpaid for the Product because it was sold at a price
premium due to the representation.

### Seventh Cause of Action:

### Quasi-Contract

### (by Plaintiff and the Nationwide Class)

102.    Plaintiff incorporates each and every factual allegation set forth above.

103.    Plaintiff brings this cause of action in the alternative to her Breach of
Express Warranty claim (Count 5) on behalf of herself and the Nationwide Class. In the
alternative, Plaintiff brings this claim on behalf of herself and members of the California
Subclass.

104.    As alleged in detail above, Defendant's false and misleading representations
caused Plaintiff and the class to pay a price premium for the Products.

105.    In this way, Defendant received a direct and unjust benefit, at the expense of
Plaintiff and the class.

106.    Plaintiff and the class seek the equitable return of this unjust benefit.

**VII.    Relief.**

107.    Plaintiff seeks the following relief for himself and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;

- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## VIII.  Demand for Jury Trial.

108.    Plaintiff demands the right to a jury trial on all claims so triable.

Dated: October 4, 2024                          Respectfully submitted,

                                                By: /s/ *Christin Cho*

                                                Christin Cho (Cal. Bar No. 238173)
                                                christin@dovel.com
                                                Richard Lyon (Cal Bar No. 229288)
                                                rick@dovel.com
                                                DOVEL & LUNER, LLP
                                                201 Santa Monica Blvd., Suite 600
                                                Santa Monica, California 90401
                                                Telephone: (310) 656-7066
                                                Facsimile: (310) 656-7069

                                                *Attorneys for Plaintiff*