Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
Richard Lyon (Cal Bar No. 229288)
rick@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY VALDOVINOS and SIGNE KIESEL, individually and on behalf of all others similarly situated, | Case No. 2:24-cv-08572-JLS-BFM |
| *Plaintiffs*, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| TARGET CORPORATION, | |
| *Defendant.* | |

First Amended Class Action Complaint                    Case No. 2:24-cv-08572-JLS-BFM

# Table of Contents

I. Introduction. ...................................................................................................1

II. Parties...............................................................................................................2

III. Jurisdiction and Venue...................................................................................3

IV. Facts. ................................................................................................................3

    A. Consumers want pure avocado oil, and are willing to pay more for it. ...........3

    B. Scientific research reveals problems with avocado oil labeling........................4

    C. Defendant's avocado oil labeling is false and misleading. ...............................4

    D. Defendant overcharges its consumers. ............................................................7

    E. Plaintiffs were misled and harmed by Defendant's false and misleading labeling....................................................................................7

    F. No adequate remedy at law. .............................................................................8

V. Class Action allegations. .................................................................................9

VI. Claims. ...........................................................................................................10

First Cause of Action: Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq............................................................10

Second Cause of Action: Violation of California's Consumer Legal Remedies Act.......................................................................................................11

Third Cause of Action: Violation of California's Unfair Competition Law .............14

Fourth Cause of Action: Breach of Express Warranty................................................15

Fifth Cause of Action: Negligent Misrepresentation..................................................16

Sixth Cause of Action: Intentional Misrepresentation................................................17

Seventh Cause of Action: Quasi-Contract ..................................................................18

VII. Relief. .............................................................................................................19

VIII. Demand for Jury Trial. ................................................................................19

I.      Introduction.

1.      Supermarkets today are stocked with a variety of cooking oils.  Customers can choose different cooking oils based on factors such as taste, uses, health benefits, and price.

2.      "Avocado oil is a rising star in the culinary world."[1]  It "has generated growing interest among consumers due to its nutritional and technological characteristics."[2]  Avocado oil "is delicious, nutritious, and easy to use.  It's rich in oleic acid, polyunsaturated fats, carotenoids, and other antioxidant-rich nutrients that are linked to improved heart, skin, and eye health."[3]  It has a variety of health benefits, and may reduce arthritis and improve skin.  It also has a high heat point, which makes it suitable for high heat cooking.[4]  "[A]vocado oil has established itself as an oil that has a very good nutritional value at low and high temperatures."[5]

3.      Because of its many benefits, consumers seek out avocado oil, and are willing to pay more for it.  And, avocado oil can command prices four times more expensive than its competitor, canola oil.[6]

4.      But because avocado oil is more expensive to produce, some makers cut corners.  They substitute other oils, or mix avocado oil with cheaper seed oils.  They sell avocado oil that is impure and adulterated.  Consumers are harmed.  They buy products labeled "avocado oil," believing that they are buying pure avocado oil, and in fact receive impure oil that is mixed and adulterated.

---

[1] https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/

[2] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6600360/

[3] https://www.healthline.com/nutrition/9-avocado-oil-benefits

[4] *Id.*

[5] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6600360/; https://healthnews.com/nutrition/healthy-eating/why-you-should-start-replacing-canola-oil-with-avocado-oil/

[6] *Id.*

First Amended Class Action Complaint      1      Case No. 2:24-cv-08572-JLS-BFM

5.     Defendant Target Corporation ("Target" or "Defendant") makes, markets and sells Good & Gather brand avocado oil.  The bottle prominently states that it contains "100% pure avocado oil," and has a picture of an avocado.  The ingredient list also lists only "avocado oil." But the truth is, it is not 100% pure avocado oil.  Instead, testing has shown that the oil is adulterated and impure.

6.     On August 14, 2024, Plaintiff Brittany Valdovinos purchased a bottle of Good & Gather Refined Avocado Oil from Target's website, www.target.com, while living in Sylmar, California. In summer 2024, Plaintiff Signe Kiesel purchased a bottle of Good & Gather Refined Avocado Oil online from a Target store located in Woodland Hills, California. The packages purchased by Plaintiffs prominently stated "100% Pure Avocado Oil" and had a picture of an avocado.  The ingredient list also listed only avocado oil. Plaintiffs read and relied on these statements when purchasing the Product. They would not have purchased the Product at the price they paid if they had known that the Product was contaminated with other oils, and that it was not pure avocado oil.

7.     When Ms. Valdovinos purchased the Product, the product webpage and package prominently stated "100% Pure Avocado Oil."  Similarly, when Ms. Kiesel purchased the Product, the package prominently stated "100% Pure Avocado Oil." Plaintiffs read and relied on these statements, and believed they were purchasing pure avocado oil.  But a recent study shows that this is not true; Defendant's avocado oil is adulterated and impure. Plaintiffs were harmed, and bring this lawsuit on behalf of themselves and a class of consumers that purchased Defendant's avocado oil.

## II.    Parties

8.     Plaintiff Brittany Valdovinos is a citizen of California, domiciled in Los Angeles County.

9.     Plaintiff Signe Kiesel is a citizen of California, domiciled in Los Angeles County.

10.     The proposed class includes citizens of every state.

First Amended Class Action Complaint       2       Case No. 2:24-cv-08572-JLS-BFM

11.    Defendant Target Corporation is a Minnesota Corporation with its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403.

## III.    Jurisdiction and Venue.

12.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

13.    The Court has personal jurisdiction over Defendant because Defendant sold Good & Gather Products to consumers in California, including to Plaintiffs.

14.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Good & Gather products to consumers in this District, including Plaintiffs. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sales to Plaintiffs.

## IV.    Facts.

### A.    Consumers want pure avocado oil, and are willing to pay more for it.

15.    Avocado oil is quickly gaining popularity in the culinary world. It has attracted increasing attention from consumers due to its nutritional benefits and versatility. Avocado oil has mild flavor, making it easy to cook with. In addition, it is packed with healthful nutrients like oleic acid, polyunsaturated fats, carotenoids, and antioxidants, which have been linked to better heart, skin, and eye health.  Avocado oil may also improve arthritis and promote healthy skin.  Additionally, avocado oil's high smoke point makes it ideal for cooking at high temperatures. This makes it a versatile oil with excellent nutritional value, whether used at low or high heat.

First Amended Class Action Complaint        3        Case No. 2:24-cv-08572-JLS-BFM

16.     Due to its numerous health benefits, avocado oil is highly sought after by consumers, who are often willing to pay a premium for it. In fact, avocado oil can be priced up to four times higher than its competitor, canola oil.[7]

**B.     Scientific research reveals problems with avocado oil labeling.**

17.     Unfortunately, "due to the lack of enforceable standards, consumers are unprotected from fraud (i.e., economic motivated adulteration)" in the avocado oil marketplace.[8]  Because it costs a lot more to make 100% pure avocado oil than an impure or adulterated  oil (e.g. one containing a mix of avocado and other oils), bad actors can increase their profits by selling impure or mixed oils as pure avocado oil.[9]  "Oils that are of poor quality or blended with cheaper edible oil can be traded and sold"[10] to unknowing consumers. Consumers purchase the inauthentic products and pay the higher prices, believing that they are purchasing pure avocado oil with its corresponding benefits.

18.     A group of scientists at University of California, Davis recently tested a variety of commercially available avocado oil for purity. They found that many retailers were selling adulterated avocado oil.  Almost 70% of the avocado oils tested were "rancid or mixed with other oils."[11]

**C.     Defendant's avocado oil labeling is false and misleading.**

19.     Defendant sells Good & Gather Avocado Oil (the "Product").  Defendant's labels prominently state that the Product is avocado oil. The front of the bottle

---

[7] https://healthnews.com/nutrition/healthy-eating/why-you-should-start-replacing-canola-oil-with-avocado-oil/

[8] Green, H. S.; Wang, S. C. Food Control, 2020, 116, 107328: "First report on quality and purity evaluations of avocado oil sold in the US", available at https://www.sciencedirect.com/science/article/pii/S0956713520302449

[9] Green, H. S.; Wang, S. C. Food Control 2023, 152, 109837 "Purity and quality of private labelled avocado oil," available at https://www.sciencedirect.com/science/article/pii/S0956713523002372

[10] Green, H. S.; Wang, S. C. Food Control, 2020, 116, 107328: "First report on quality and purity evaluations of avocado oil sold in the US", available at https://www.sciencedirect.com/science/article/pii/S0956713520302449

[11] https://www.ucdavis.edu/food/news/70%25-private-label-avocado-oil-rancid-or-mixed-other-oils

First Amended Class Action Complaint        4             Case No. 2:24-cv-08572-JLS-BFM

prominently states that the oil is "100% Pure Avocado Oil," and includes an image of a large avocado.



20.     Similarly, the ingredients list only a single ingredient: Avocado Oil.



First Amended Class Action Complaint      5      Case No. 2:24-cv-08572-JLS-BFM

21.    Based on each of these representations, reasonable consumers believe that the bottle contains 100% pure avocado oil, and only avocado oil. Reasonable consumers expect that the words "100% Pure Avocado Oil" mean that the bottles contain pure avocado oil, not some oil that is adulterated, mixed with other oils, or is impure. Similarly, when reasonable consumers see the sole ingredient: "avocado oil," they expect that the product only includes that sole ingredient: avocado oil. No reasonable consumer expects that a bottle labeled "Avocado Oil" and "100% Pure" contains other, cheaper, non-avocado oils. In short, reasonable consumers reasonably believe that they are receiving a product that contains pure avocado oil

22.    But, scientific testing shows that the avocado oil is impure.  The University of California, Davis researchers who study avocado oil purity recently revealed the names of the avocado oils that had tested impure in their study.  The list included Defendant's Good & Gather avocado oil. [12]

23.    The inaccurate labeling of Defendant's product is highly material to reasonable consumers.  Consumers who purchase avocado oil are choosing it and paying more for it, because they believe it has benefits over other oils.  They are choosing to pay more because they believe that the product they are receiving is pure avocado oil, and not an oil that is adulterated with cheaper oils.

24.    Defendant knows, or reasonably should know, that its labeling is misleading customers. Since at least 2020, the avocado oil industry has been aware that there are problems with adulteration and purity of avocado oils. *See, e.g.,* https://www.sciencedirect.com/science/article/pii/S0956713520302449?.

25.    As a distributor and seller of cooking oils, Defendant is aware of industry studies and trends, and aware of the problems with impurity and adulteration in the avocado oil market. Defendant is aware of, willfully blind to, or negligent with respect to the fact that the avocado oils that it sells are impure. Indeed, if Defendant tested its own

[12] https://www.washingtonpost.com/wellness/2024/08/27/avocado-oil-adulteration-tests/

First Amended Class Action Complaint      6      Case No. 2:24-cv-08572-JLS-BFM

avocado oils before putting them on the market, it would know that its avocado oils are impure and adulterated.  Given the pervasive problems with avocado oil adulteration, any reasonable maker, seller, or distributor of avocado oil would test its own products.

**D.    Defendant overcharges its consumers.**

26.    Defendant's false and misleading labeling allows Defendant to charge higher prices for its products.  As explained above, consumers are willing to pay substantially higher prices for avocado oil.  If Defendant told the truth—that its oils are impure, and adulterated with other oils—the price of its avocado oil would drop dramatically.  If consumers knew the truth—that the product did not contain 100% pure avocado oil—they would not pay the current prices for the products.  Indeed, as described above, other oils sell for substantially less than pure avocado oil.  Accordingly, if Defendant accurately labeled its products, it would have had to lower the price, and Plaintiffs and class members would have paid less.

27.    Thus, Plaintiffs and each class member paid a substantial price premium because of Defendant's false and misleading labeling.  Plaintiffs paid more for a superior product worth more, and received an inferior product that was inaccurately labeled. Plaintiffs and the class therefore sustained an economic injury and paid a price premium as result of Defendant's false and misleading labels.

**E.    Plaintiffs were misled and harmed by Defendant's false and misleading labeling.**

28.    On August 14, 2024 Plaintiff Brittany Valdovinos purchased a bottle of Good & Gather Refined Avocado Oil online from the Target website, www.target.com., while living in Sylmar, California. The package prominently stated "100% Pure Avocado Oil" and had a picture of an avocado.  The ingredient list also listed only avocado oil. Ms. Valdovinos read and relied on these statements when purchasing the Product. She would not have purchased the Product at the price she paid if she had known that the Product was contaminated with other oils, and that it was not pure avocado oil.

29.     In summer 2024 Plaintiff Signe Kiesel purchased a bottle of Good & Gather Refined Avocado Oil online from a Target store located in Woodland Hills, California. The package prominently stated "100% Pure Avocado Oil" and had a picture of an avocado.  The ingredient list also listed only avocado oil. Ms. Kiesel read and relied on these statements when purchasing the Product. She would not have purchased the Product at the price she paid if she had known that the Product was contaminated with other oils, and that it was not pure avocado oil.

30.     Plaintiffs want Target to fix its practices and sell avocado oil with accurate labeling. If Target fixes its Products, so that the avocado oil is actually pure and not contaminated with other oils, they would buy them again. But given Target's past deception, Plaintiffs cannot rely on Target's word alone that it has fixed the problem. Plaintiffs face an imminent threat of harm because they will not be able to rely on Target's labels in the future, and will not be able to buy Good & Gather Avocado Oil, even if Target claims to have fixed the issue. To buy Target's Products again, Plaintiffs need the Court to enter an order forbidding Target from claiming that its avocado oil contains only "avocado oil" or is "100% pure," unless the avocado oil actually is pure and not contaminated with other oils.

**F.     No adequate remedy at law.**

31.     Plaintiffs seek damages and, in the alternative, restitution. Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.

32.     A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims. As one example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages. No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.

First Amended Class Action Complaint          8          Case No. 2:24-cv-08572-JLS-BFM

33.    In addition, the remedies at law available to Plaintiffs are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

## V.    Class Action allegations.

34.    Plaintiffs bring the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased Good & Gather Avocado Oil.
- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased Good & Gather Avocado Oil.

35.    The following people are excluded from the class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

36.    The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

37.    Class members can be identified through Defendant's sales records and public notice.

### *Predominance of Common Questions*

38.    There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

First Amended Class Action Complaint        9        Case No. 2:24-cv-08572-JLS-BFM

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express warranty;

(5) damages needed to reasonably compensate Plaintiffs and the proposed class.

### Typicality & Adequacy

39.     Plaintiffs' claims are typical of the proposed class.  Like the proposed class, Plaintiffs purchased Defendant's Good & Gather Avocado Oil Products.  There are no conflicts of interest between Plaintiffs and the class.

### Superiority

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

## VI.     Claims.

### First Cause of Action:

### Violation of California's False Advertising Law Bus. & Prof. Code §§ 17500 & 17501 et. seq.

### (By Plaintiffs and the California Subclass)

41.     Plaintiffs incorporate each and every factual allegation set forth above.

42.     Plaintiffs bring this cause of action individually and on behalf of themselves and members of the California Subclass.

43.     Defendant has violated Sections 17500 and 17501 of the Business and Professions Code.

First Amended Class Action Complaint          10          Case No. 2:24-cv-08572-JLS-BFM

44. Defendant has violated, and continues to violate, Section 17500 of the Business and Professions Code by disseminating untrue and misleading advertisements to Plaintiffs and subclass members.

45. As alleged in detail above, Defendant falsely advertised its products by falsely representing that Good & Gather Avocado Oil is pure avocado oil. It did this by prominently labeling the product "100% Pure" avocado oil, featuring a large avocado on the bottle, and also by listing only "Avocado Oil" in the ingredients list.

46. Defendant's misrepresentations were likely to deceive, and did deceive, Plaintiffs and other reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

47. Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing Defendant's Products. Classwide reliance can be inferred because Defendant's misrepresentations and omissions were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the products.

48. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decision and the purchase decisions of subclass members.

49. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

<u>**Second Cause of Action:**</u>

**Violation of California's Consumer Legal Remedies Act**

**(by Plaintiffs and the California Subclass)**

50. Plaintiffs incorporate each and every factual allegation set forth above.

51. Plaintiffs bring this cause of action individually and on behalf of themselves and members of the California Subclass.

First Amended Class Action Complaint     11     Case No. 2:24-cv-08572-JLS-BFM

52.    Plaintiffs and the class are "consumers," as the term is defined by California Civil Code § 1761(d).

53.    Plaintiffs and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

54.    The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

55.    As alleged more fully above, Defendant has violated the CLRA by falsely representing that Good & Gather Avocado Oil contains only avocado oil and is "100% Pure" avocado oil, when in fact the products are impure and contaminated with a different oil or oils. Defendant knew, or should have known through the exercise of reasonable care, that these statements were false and misleading.

56.    Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that goods have "characteristics, ingredients, uses, benefits, or quantities which they do not have." Defendant represents that its Products have the characteristic of being "100% Pure" avocado oil, when in reality they are impure and mixed or substituted with a different oil or oils.  Defendant represents that its Product contains only avocado oil, when in fact it is adulterated with other oils.

57.    Defendant violated, and continues to violate, Section 1770(a)(7) of the California Civil Code by "[r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are another." Defendant represents that its Products meet the standard of containing only "100% Pure" avocado oil, when in reality they are impure and mixed or substituted with a different oil or oils.  Defendant represents that its Product contains only avocado oil, when in fact it is adulterated with other oils.

58.    Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code by advertising "goods…with intent not to sell them as advertised."

First Amended Class Action Complaint        12        Case No. 2:24-cv-08572-JLS-BFM

Defendant advertises that its Product are "100% Pure" avocado oil, when in fact it is adulterated with other oils.

59. Defendant's representations were likely to deceive, and did deceive, Plaintiffs and reasonable consumers. Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

60. Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Products. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

61. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

62. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the subclass.

63. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

64. Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and all other members of the subclass, seeks injunctive relief.

65. CLRA § 1782 NOTICE. On September 25, 2024, a CLRA demand letter was sent on behalf of Plaintiff Valdovinos to Defendant's California registered agent and Minnesota headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. Plaintiff Kiesel sent a substantially identical letter on March 7, 2025.  Because Defendant has not fully corrected the problem for Plaintiffs and for each member of the California Subclass within 30 days

First Amended Class Action Complaint      13      Case No. 2:24-cv-08572-JLS-BFM

of receipt of the first demand letter, Plaintiffs and the California Subclass seek all monetary relief allowed under the CLRA.

66.    A CLRA venue declaration is attached.

### Third Cause of Action:

### Violation of California's Unfair Competition Law

### (by Plaintiffs and the California Subclass)

67.    Plaintiffs incorporate each and every factual allegation set forth above.

68.    Plaintiffs bring this cause of action individually and on behalf of themselves and members of the California Subclass.

69.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong.*

70.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

*The Fraudulent Prong.*

71.    As alleged in detail above, Defendants' representations that its Products contained only avocado oil and were "100% Pure" avocado oil were false and misleading. Its labeling is likely to deceive, and did deceive, Plaintiffs and other reasonable consumers.

*The Unfair Prong.*

72.    Defendant's conduct, as detailed above, also violated the "unfair" prong of the UCL.

73.    Defendant's conduct caused substantial injury to Plaintiffs and subclass members. The harm to Plaintiffs and the subclass greatly outweighs the public utility of Defendant's conduct (which is none). Inaccurately labeled avocado oil has no public utility. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading labels only injure healthy competition and harm consumers.

First Amended Class Action Complaint        14        Case No. 2:24-cv-08572-JLS-BFM

74. Plaintiffs and the subclass could not have reasonably avoided this injury. As alleged above, Defendant's labeling is false and misleading. Its labeling is likely to deceive, and did deceive reasonable consumers like Plaintiffs.

75. Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

76. Defendant's conduct violated the public policy against false and misleading labels, which is tethered to the CLRA and the FAL.

* * *

77. For all prongs, Defendant's misrepresentations and omissions were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on the statements when purchasing the Products. In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

78. Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decision and the purchase decision of subclass members.

79. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

## Fourth Cause of Action:
## Breach of Express Warranty
## (by Plaintiffs and the Nationwide Class)

80. Plaintiffs incorporate each and every factual allegation set forth above.

81. Plaintiffs bring this cause of action individually and on behalf of themselves and the Nationwide class. In the alternative, Plaintiffs bring this claim on behalf of themselves and members of the California Subclass.

First Amended Class Action Complaint        15        Case No. 2:24-cv-08572-JLS-BFM

82. Defendant, as the manufacturer, marketer, distributor, supplier, and/or seller of the Good & Gather Avocado Oil, issued material, written warranties by representing that the Products contain only "Avocado Oil," and contain "100% Pure" avocado oil. These were affirmations of fact about the Products (i.e., that they contained only avocado oil and that the oil was 100% pure) and a promise relating to the goods.

83. This warranty was part of the basis of the bargain and Plaintiffs and class members relied on this warranty.

84. In fact, Good & Gather Avocado Oil does not conform to the above-referenced representation because, as alleged in detail above, Defendant's labeling is inaccurate and the Products have been shown to be impure and contaminated with a different oil or oils. It is not "100% pure" avocado oil. Thus, the warranty was breached.

85. Plaintiffs provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on September 25, 2024 and again on March 7, 2024.

86. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

### Fifth Cause of Action:

### Negligent Misrepresentation

### (by Plaintiffs and the California Subclass)

87. Plaintiffs incorporate each and every factual allegation set forth above.

88. Plaintiffs bring this cause of action individually and on behalf of themselves and the California Subclass.

89. As alleged more fully above, Defendant made false representations to Plaintiffs and class members concerning its statements that the Products contain only avocado oil, and that they contain "100% Pure" avocado oil.

First Amended Class Action Complaint　　16　　Case No. 2:24-cv-08572-JLS-BFM

90. These representations were false.

91. When Defendant made these misrepresentations, it knew or should have known that they were false. Defendant had no reasonable grounds for believing that these representations were true when made.

92. Defendant intended that Plaintiffs and class members rely on these representations, and Plaintiffs and class members read and reasonably relied on them.

93. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Good & Gather Avocado Oil.

94. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and class members.

95. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

**Sixth Cause of Action:**

**Intentional Misrepresentation**

**(by Plaintiffs and the Nationwide Class)**

96. Plaintiffs incorporate each and every factual allegation set forth above.

97. Plaintiffs bring this cause of action individually and on behalf of themselves and the Nationwide class. In the alternative, Plaintiffs bring this claim on behalf of themselves and members of the California Subclass.

98. As alleged more fully above, Defendant made false representations to Plaintiffs and class members concerning its statements that the Products contained only avocado oil, and "100% Pure" avocado oil.

99. These representations were false.

First Amended Class Action Complaint    17    Case No. 2:24-cv-08572-JLS-BFM

100. When Defendant made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

101. Defendant intended that Plaintiffs and class members rely on these representations, and Plaintiffs and subclass members read and reasonably relied on them.

102. In addition, class-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Good & Gather Avocado Oil.

103. Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and class members.

104. Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because: (a) they would not have purchased Good & Gather Avocado Oil if they had known that the Product is impure and contaminated with a different oil or oils, and (b) they overpaid for the Product because it was sold at a price premium due to the representation.

**Seventh Cause of Action:**

**Quasi-Contract**

**(by Plaintiffs and the Nationwide Class)**

105. Plaintiffs incorporate each and every factual allegation set forth above.

106. Plaintiffs bring this cause of action in the alternative to their Breach of Express Warranty claim (Count 5) on behalf of themselves and the Nationwide Class. In the alternative, Plaintiffs bring this claim on behalf of themselves and members of the California Subclass.

107. As alleged in detail above, Defendant's false and misleading representations caused Plaintiffs and the class to pay a price premium for the Products.

108. In this way, Defendant received a direct and unjust benefit, at the expense of Plaintiffs and the class.

109. Plaintiffs and the class seek the equitable return of this unjust benefit.

First Amended Class Action Complaint        18            Case No. 2:24-cv-08572-JLS-BFM

## VII. Relief.

110. Plaintiffs seek the following relief for themselves and the proposed class:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed class;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Rescission;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

## VIII. Demand for Jury Trial.

111. Plaintiffs demand the right to a jury trial on all claims so triable.

Dated: March 10, 2025

Respectfully submitted,

By: /s/ *Richard Lyon*
Richard Lyon (Cal Bar No. 229288)
rick@dovel.com
Christin Cho (Cal. Bar No. 238173)
christin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Attorneys for Plaintiff*

First Amended Class Action Complaint        19        Case No. 2:24-cv-08572-JLS-BFM